50 F.3d 5
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jackie Lee BURDETTE, Sr., Petitioner,
v.
EASTERN ASSOCIATED COAL COMPANY; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR, Respondents.
 No. 94-2014.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995
Decided: March 20, 1995
 
 S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner. Mark E. Solomons, Laura Metcoff Klaus, ARTER & HADDEN, Washington, D.C., for Respondents.
 Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jackie Burdette, a former coal miner, seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). Burdette avers that the ALJ erred in this case by failing to find that he established a totally disabling respiratory impairment which was due to pneumoconiosis under 20 C.F.R. Sec. 718.204(c) (1994).
 
 
 2
 Initially, we disagree with Burdette's contention that the ALJ mechanically applied a "later is better" analysis, contrary to our decision in Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49, 52 (4th Cir.1992), in finding the blood gas evidence insufficient to establish a totally disabling respiratory impairment. The ALJ permissibly found that two non-qualifying blood gas tests, one which was contemporaneous with a qualifying test, and one which was performed eight months later, outweighed the sole qualifying blood gas test of record. See Gray v. Director, Office of Workers' Compensation Programs, 943 F.2d 513, 521 (4th Cir.1991). Moreover, even assuming that the ALJ attached undue importance to the recency of the last blood gas test performed, we find any error to be harmless, because the ALJ's findings relating to the "contrary probative evidence" of record leave no doubt that the evidence, as a whole, fails to establish total disability due to pneumoconiosis.
 
 
 3
 The record contains no evidence, other than the single qualifying blood gas study, which tends to establish total disability. Two other blood gas studies were non-qualifying, as were both of the miner's pulmonary function studies. The only two physicians submitting pertinent medical reports agreed that Burdette suffers from no respiratory or pulmonary impairment. Contrary to Burdette's assertions, these physicians fully explained their conclusions, relating the miner's history, symptoms, physical examination, and performance on various objective studies to their final determinations. Given that the ALJ found all this contrary probative evidence to be credible, and that Burdette has identified no error in the ALJ's assessment of the evidence, proper consideration of all the evidence relating to the issue of total disability as a whole mandates the conclusion that substantial evidence can only support a finding of no total disability in this case. See Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181, 184-85 (4th Cir.1991) (requiring that any evidence tending to establish total disability be weighed against all relevant contrary probative evidence). Moreover, while the Board did not address the issue of causation, we note that because the record is entirely devoid of any evidence linking total disability to pneumoconiosis, Burdette cannot, as a matter of law, establish this critical element of entitlement, which precludes an award of benefits. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 37-38 (4th Cir.1990).
 
 
 4
 We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED